UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ADVANTEST AMERICA, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>HT MICRON SEMICONDUCTORES, LTDA,<br><br>    Defendant. | Case No. 5:16-cv-00591-EJD<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE DEFAULT AND DEFAULT JUDGMENT**<br><br>Re: Dkt. No. 34 |

Defendant HT Micron Semiconductores S.A,[1] a Brazilian semiconductor company, purchased testing equipment from Plaintiff Advantest America, Inc. in 2014 pursuant to a contract that required Defendant to make two payments of over $3 million. Defendant defaulted on the payments, however, and Plaintiff initiated this action for breach of contract. Plaintiff eventually obtained a judgment against Defendant by default.

Defendant now moves to set aside the entry of default and default judgment. Dkt. No. 34. Plaintiff opposes the motion. Federal jurisdiction arises pursuant to 28 U.S.C. § 1332, and this matter is suitable for decision without oral argument. Civ. L.R. 7-1(b). Having carefully considered the parties' pleadings, the court is persuaded this action should be decided on the merits rather than through default process.

Accordingly, the court finds, concludes and orders as follows:

1. Defendant's motion arises under two Federal Rules of Civil Procedure: 55(c) and 60(b). The former rule permits the district court to "set aside an entry of default for good cause,"

---

[1] Defendant is sued in this action under its former name, HT Micron Semiconductores, LTDA.

subject to a consideration of three factors. United States v. Signed Pers. Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010) ("Mesle"). The factors are: "'(1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice' the other party." Id. (quoting Franchise Holding II v. Huntington Rests. Grp., Inc., 375 F.3d 922, 925-26 (9th Cir. 2004)). The burden to demonstrate these factors favor a set aside rests on the party seeking relief. Franchise Holding II, 375 F.3d at 926. And since the factors are disjunctive, "a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." Mesle, 615 F.3d at 1091.

2. Under Rule 60(b), the court may relieve a party from a judgment "upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief.'" Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993) (quoting Fuller v. M.G. Jewelry, 950 F.2d 1437, 1442 (9th Cir. 1991)). "Rule 60(b) is 'remedial in nature and . . . must be liberally applied.'" TCI Grp. Life Ins. v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001) (quoting Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984)). This is particularly true in the context of a default judgment, because "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." Falk, 739 F.2d at 463.

3. Importantly for this motion, the "good cause" standard applied to set aside the entry of default under Rule 55(c) "is the same as is used to determine whether a default judgment should be set aside under Rule 60(b)" as the result if mistake, surprise, or excusable neglect. Mesle, 615 F.3d at 1091. Accordingly, the discussions applicable to the entry of default and default judgment merge into one analysis at this point.

4. Looking first at whether Defendant engaged in culpable conduct, the court observes that "a defendant's conduct is culpable if he has received actual or constructive notice of the filing

Case No.: 5:16-cv-00591-EJD
ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE DEFAULT AND DEFAULT JUDGMENT

2

of the action and *intentionally* failed to answer." TCI Grp., 244 F.3d at 697. A "conscious choice not to answer" is not considered "intentional." Mesle, 615 F.3d at 1092. Rather, "to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an 'intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process.'" Id. (quoting TCI Grp., 244 F.3d at 697). Typically, a defendant's conduct is "culpable" where there is "no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." TCI Grp., 244 F.3d at 697.

Here, Defendant has met its burden to show its conduct was not culpable. The docket shows this action had been ordered administratively closed by the time Defendant received the Summons and Complaint in Brazil in August, 2016. When that status is considered along with (1) the fact the parties almost immediately agreed to a modified repayment schedule once the Summons and Complaint were delivered to Defendant, and (2) the absence of any evidence showing Plaintiff ever notified Defendant it intended to pursue a default judgment despite the parties' communication about payments, the court is unable to equate Defendant's conduct with a "devious, deliberate, willful, or bad faith failure to respond." See id. Indeed, there is no evidence Defendant misled Plaintiff to its disadvantage, or attempted to interfere or manipulate the proceedings before this court. To the contrary, it appears the parties made a joint effort to resolve their dispute without the need for additional litigation, to the advantage of both parties and the court. And even if it is true, as Plaintiff argues, that Defendant was aware of its obligation to respond to the Complaint and chose not to in light of the renegotiated repayment agreement, such a "conscious choice not to answer" is not "intentional" under these circumstances. See id.

The "culpability" factor does not weigh against set aside relief.

5. Defendant has also identified a meritorious defense. Defendant's burden on this factor is not "extraordinarily heavy." Mesle, 615 F.3d at 1094. "All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense." Id. Whether or not those facts are actually true, and whether or not they constitute a

Case No.: 5:16-cv-00591-EJD
ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE DEFAULT AND DEFAULT JUDGMENT

3

viable defense if true, are questions reserved for later proceedings. Id.

Aside from denying several of Plaintiff's allegations, Defendant has alleged facts which could support theories that: (1) the parties modified or superseded the terms of the original agreement through a series of subsequent agreements, which agreements are not addressed in the Complaint, (2) Plaintiff waived a breach of contract claim based on the original agreement, and (3) the interest and attorneys fees sought by Plaintiff are not "on the contract." While Plaintiff presents several arguments in response to these potential defenses, the ultimate success of either side's position is not at issue for this motion. See id. What is important for now is that Defendant's purported defenses are possible as a matter of fact if its allegations are proven true. The "meritorious defense" factor does not foreclose Defendant's motion.

6. Finally, the court considers whether reopening this action would prejudice Plaintiff. The court is mindful that "[t]o be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." TCI Grp., 244 F.3d at 701. Instead, the standard is whether Plaintiff's ability to pursue its claim will be hindered because of tangible harm, such as loss of evidence, increased discovery difficulty, or greater opportunity for fraud or collusion. Id.

Defendant argues that granting this motion "would do no more harm to Plaintiff than simply requiring it to actually litigate the matter is commenced by filing the complaint." The court agrees, particularly since Plaintiff articulated no tangible harm outside of "forcing it to expend further time and resources to recover what is owed." That statement is merely another way formulation of delay. Since expending time and resources is exactly what Plaintiff must have anticipated when it commenced this action, the court finds no prejudice to Plaintiff by allowing it to proceed on the merits.

Having analyzed the applicable factors and finding none which weigh against relief, Defendant's Motion to Set Aside Entry of Default and Default Judgment (Dkt. No. 34) is GRANTED. The default judgment entered on March 14, 2018 (Dkt. No. 31) is VACATED and

Case No.: 5:16-cv-00591-EJD
ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE DEFAULT AND DEFAULT JUDGMENT

4

the Clerk's entry of default (Dkt. No. 28) is SET ASIDE. The Clerk shall REOPEN this action.

Defendant shall answer or otherwise respond to the Complaint no later than **August 31, 2018.** Any motion filed in response to the Complaint shall be noticed for hearing at 9:00 a.m. on November 8, 2018.

This action is scheduled for a Case Management Conference at **10:00 a.m. on September 20, 2018.** The parties shall file a Joint Case Management Conference Statement on or before **September 10, 2018.**

**IT IS SO ORDERED.**

Dated:

_____
EDWARD J. DAVILA
United States District Judge

Case No.: 5:16-cv-00591-EJD
ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE DEFAULT AND DEFAULT JUDGMENT

5